UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JESUS MALDONADO-ORTEGA,
    Plaintiff,

    v.

UNITED STATES OF AMERICA,
    Defendant.

Case No._____

**COMPLAINT**

## I.   INTRODUCTION

Plaintiff, Jesus Maldonado-Ortega ("Plaintiff" or "Maldonado"), acting pro se, alleges as follows:

1.    Plaintiff is a federal prisoner currently serving out his sentence at Federal Correctional Institution ("FCI") Fort Dix, located in southern New Jersey at Joint Base Maguire-Dix-Lakehurst ("JB MDL").

2.    Plaintiff sustained physical injury as a result of gross negligence, deliberate indifference, and reckless disregard for human life by employees of the United States of America, and contractors working under color of federal law.

3.    The United States has a duty of care to provide incarcerated individuals within their custody: suitable quarters, protection, <u>care</u>, and safekeeping - as set forth in 18 USC § 4042(a)(2) and (3).

4.    As Plaintiff is incarcerated, he is unable to seek his own medical care and is limited to the care his jailers are able and willing to provide.

"An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met."

Estelle v. Gamble, 429 U.S. 97, 103 (1976)

5.      The United States is negligent as it was aware of Plaintiff's medical needs but refused to acknowledge, diagnose, and treat Plaintiff's serious medical needs in a reasonable time and manner; showed deliberate indifference towards Plaintiff's continued and ongoing pain and suffering associated with his medical needs; and, as a result of that deliberate indifference, caused Plaintiff physical injury and mental anguish, anxiety and emotional distress.

6.      Plaintiff will show that United States breached their duty of care by showing deliberate indifference to Plaintiff's medical needs, subsequently resulting in Plaintiff having suffered physical injury and emotional distress. As such, Plaintiff submits this complaint and asks for compensatory damages against the United States of America, in the amount of $3,000,000.00 (three million dollars).

## II.    JURISDICTION & VENUE

7.      This is a civil action authorized by the Federal Tort Claims Act ("FTCA"), pursuant to Title 28, Code of Federal Regulations, Part 14, to redress the deprivation, under color of federal law, of rights secured by the Constitution of the United States. This Court has jurisdiction under 28 USC §§ 1331 and 1346(b)(1) for compensatory relief for violations of the FTCA.

8.      As Plaintiff is incarcerated in the District of New Jersey, and the cause of action took place while incarcerated in New Jersey, the venue is proper pursuant to 28 USC § 1391(b)(2). New Jersey is the judicial district

2

wherein the acts complained of occurred

## III.    PLAINTIFF

9.          Plaintiff Jesus Maldonado-Ortega, BOP Register Number 04192-051, is a 56-year old man housed in the West compound of FCI Fort Dix.   Plaintiff Maldonado is a colon-cancer survivor - who underwent multiple surgeries in 2017 and 2018 to remove a malignant tumor (low-grade moderately differentiated adenocarcinoma) at the rectosigmoid junction.

10          The   Plaintiff has been suffering from symptoms consistent with recurrence of colon-cancer since as early as March 25, 2021.   Employees of the United States, working within the Bureau of Prisons at the Health Services department at FCI Fort Dix, have deliberately and routinely denied and ignored Plaintiff s complaints, pleas for help, and requests for medical treatment, leaving Plaintiff in pain and suffering.   These symptoms include: constipation, diarrhea, abdominal bloating, fecal incontinence, blood in his stool, and pain.   Further, Plaintiff's medical records indicate that he is suffering from the aforementioned conditions, and that his complaints of pain are suffering and ongoing, and which has caused him severe harm.

11.          On May 20, 2022, Plaintiff filed an administrative complaint pursuant to the Federal Tort Claims Act. See EXHIBIT A: FTCA Claim, dated May 20, 2022.   At the time of the writing of this complaint, the United States has neither acknowledged Plaintiff's FTCA claim nor accepted or denied that claim. Plaintiff has therefore exhausted his administrative remedies and jurisdiction now lies with this Court.

## IV.    DEFENDANTS

12.          The United States, as sovereign, is immune from suit except as it consents under the FTCA's limited waiver of sovereign immunity permitting

3

lawsuits against the United States for torts perpetrated by government employees. At all times material hereto, Defendant United States owned and operated Federal Correctional Institution Fort Dix, in New Jersey and is accordingly the appropriate Defendant under the FTCA.

## V.    FACTUAL ALLEGATIONS

13.        Beginning on or about November 15, 2015, Plaintiff began to experience bleeding rectally while defecating, bloating in his lower abdomen, and pain while defecating. (See EXHIBIT B: Medical Records for Jesus Maldonado-Ortega) A colonoscopy on November 27, 2015 revealed a tumor (low grade moderately differentiated adenocarcinoma) at the rectosigmoid junction. No surgery was performed at that time. Plaintiff continued to experience and report rectal bleeding, pain, bloating, difficulty defecating, constipation, diarrhea, and anxiety - throughout 2015 and 2016.

14.        In October of 2016, Bureau of Prisons' Health Service's staff employed by the United States, performed another colonoscopy which revealed malignant cancer, with a high-level for recurrence, below the anastomosis site with hypermetabolic focus in the right lateral rectal wall below the anastomosis. Medical staff would not begin chemotherapy treatment on Plaintiff until March of 2017, with a partial colectomy surgery performed in July of 2017, after transferring Plaintiff to Federal Medical Center ("FMC") Butner, North Carolina, in preparation for this surgery. Plaintiff was incarcerated at FMC Butner until June of 2021, at such time he was transferred back to FCI Fort Dix.

15.        Plaintiff began reporting the aforementioned symptoms of cancer recurrence as early as March of 2021, and has continually experienced symptoms of recurrence since that time. He has reported those symptoms to employees of

4

the United States working at FMC Butner and at FCI Fort Dix.

16.        While being treated at FMC Butner, Plaintiff's primary care physician, Dr. Hemang J. Pathak, M.D., informed Plaintiff that his treatment required follow-up colonoscopies every six (6) months post-surgery, beginning within six (6) months of arriving at FCI Fort Dix.  Dr. Pethak also informed Plaintiff that he would be seen by a gastroenterologist within six (6) months of arriving back at FCI Fort Dix, no later than December of 2021.

17.        Upon arrival in June of 2021, at FCI Fort Dix, none of Plaintiff's prescribed medications were provided to him, and would not become available to him until he performed exhaustive attempts over an extended period of time.

18.        Plaintiff would not receive a follow-up colonoscopy until October of 2022, more than 19 months after his last meeting with Dr  Pethak at FMC Butner.

19.        As will be shown, Plaintiff has made numerous written requests for follow-up treatment, and for prescription refills, and these pleas for help have been routinely denied and ignored, in wanton neglect of the duty of care which is in place to protect Plaintiff from just this type situation. See EXHIBIT C: Requests to Health Service Staff.

20.        As a result of this neglectful and delayed treatment, Plaintiff has experienced pain, suffering, humiliation, mental anguish, anxiety, and emotional distress.

VI.   LEGAL CLAIM

21.        Plaintiff notified employees of the United States, and contractors working under color of federal law at FCI Fort Dix of serious symptoms of cancer recurrence as early as March of 2021; conditions which could have been

5

monitored, diagnosed, and treated as early as November of 2021. Plaintiff submitted his first "sick-call" notice to Health Services' staff at FCI Fort Dix on or about October 12, 2021. This sick-call encounter involved Plaintiff complaining of symptoms of physical injury. His complaints and pleas for medical attention were disregarded, and even today Plaintiff is still experiencing these symptoms of physical injury.

22. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the Defendant, so he will ask for compensatory relief so that he can afford his own medical treatment upon his release from custody in 2024.

23. Serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir 2010). Court's typically agree that a prisoner can show a serious medical need if the "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Estelle, supra, *at 104 ; Jett v Penner, 439 F.3d 1091, 1096 (9th Cir 2006).

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jesus Maldonado-Ortega, respectfully prays that this Court enters judgment:

a. Granting Plaintiff a declaration that the acts described herein violated his rights under the Constitution and laws of the United States, and

b. Granting Plaintiff Maldonado compensatory damages in the amount of

$3,000,000.00 against the Defendant, and

c. Any additional relief this Court deems just, proper, and equitable.

Respectfully submitted this _15_ day of May, 2023.

Jesus Maldonado-Ortega
Reg. No. 04192-051
FCI Fort Dix
PO Box 2000
Joint Base MDL, NJ 08640

7